The court being divided in opinion, the cause stood over until April, 18(H), and was then reargued before all the judges, by Smith, and Branding? for plaintiff; and Nott, for defendant.
Nott, for defendant,
took the same grounds of argumant as beioie. Cited M’Nally’s Evidence, 161,88, &c. 3 D. & E. *27, 36.
Smith, and Branding, contended,
as on the former argument, that the silence of the English authorities was conclusive against ° the motion. That the necessity of the case did not warrant the exception from the general rule of evidence, in favor of cases of this description — a necessity arising from accident, and not from the nature of the case. The necessity in the cases cited, different . — and with a view to promote public justice, or general conveni. ence. The cases reported by Hay w. and Dallas, not supported by sound legal principles. The establishment of the doctrine laid down in them, would be subversive of a fundamental rule of evider.ce, and introductory of great mischief — of fraud and injustice,
Waties, J.
delivered the opinion of a majority of the court,
(Gkimke, Waties, and Tbezevant.)
There were three grounds made for a new trial, by the defend, ant’s counsel in this case, but the first appears to be the only one deserving of consideration, viz. “ that the defendant ought to have been allowed to prove by Ms own Oath, the loss of his original mortgage.” It was contended, that this was a case in which the Necessity of the thing made it proper to depart from the general rule of evidence. I am of opinion, that- the rule of necessity is not applicable, within the power of the court to a parly in any case; and if it were, that there is no sufficient ground for applying it to the present one. The general law is, “ that a plaintiff or defendant, shall in no case be a witness in his own cause.” There has, indeed, been allowed some exceptions to this general law, on the ground of necessity, but all of these have been made by the legislative authority, and never by the discretion of the court; and they have also proceeded on grounds which do not exist in this case. Let us examine the exceptions. 1. Shop books. The dealings of this country could not be carried on without credit. Where credits are given, the entries of the merchant, or tradesman, must be allowed to be proved by themselves, for they generally make them. But this privilege is given by the legislature; i. e. by the equitfcbleeonstruction of the statute of James, and the subsequent sanction of the 10th section of the act of 1721. 2. In usurious contracts, The party is made a witness; because this is the only effectual-means of remedying a general mischief. This also is allowed by the legislature. These are the only cases in which a party may be a witness; and in both, the privilege is not only given by statute, but is required by a great general interest. The case quoted from ;§ T. R, 30, was the case of an interested witness. .The ease i$. *511 ©alias’s Reports was of a party, but it is probable that his ad mission as a witness, was authorized by a particular law of Pennsylvania. If it were not so, I should say that it was not authorized by any law. Even the rule of necessity did not apply to it. The fact proven by the party, might have been proved by fifty indifferent Witnesses. The case from Haywood’s Reports, is more against the defendant, than for him. The party there was admitted to-prove a fact, because it did not affect the merits of the cause. It may then be fairly interred, that the court would have refused to admit him, if the fact might have affected the merits. We also admit a party to prove some interlocutory facts; but shall he bo permitted to give evidence of a fact which is to go to the jury, and may affect the verdict ? This is not within the power'of the court. &. The exceptions to the general law of evidence in criminal proceedings, which have been so much relied on, have no application to the present case. They are all cases of prosecutions who' are not parties., but interested witnesses: And besides, the excep.tions are made necessary by public justice, which is one of the' most important of all social concerns. Vide Esp. Rep. 710', 11, &c,
But admitting that necessity is a sufficient warrant to the court, to m..ke an exception to the general law in favor of a part}’-, yet this necessity, (.it appears, from all the cases on the subject,) mu3t be founded on some great public interest. Where shall we find this kind of necessity in the present case? It is the duty of every man to keep his deeds with all possible care, and- nothing will ex. cuse his not producing them, when requisite so to do, but the loss of them in some way which he could not prevent. He usually keeps them iri some safe place in his house, and not in his pocket. The loss by fire, is therefore the only kind of loss instanced in the' English bocks, as affording an excuse for not-producing them, and giving the party a right to offer inferior evidence of the' contents.In our courts, we have allowed the loss by plunder' to be also a sufficient excuse. But how are these losses proved ? Not by the oath of a parly himself, but by the oaths of his neighbours who have witnessed the calamity that (it is presumed)- has occasioned the lose. I wifi not say, that losses occasioned by other causes, may not also be allowed to excuse the production of deeds, but I would require such losses to be also proved by disinterested testimony. A man may indeed lose his deed by an accident only-known to himself, and W'hich therefore no one else can prove ; but this single misfortune is no reason for dispensing with the general amle »f evidence» Such accidents must have occurred oftener in- *512 England, (being an older country, and having a larger population,) and yet we cannot find in the English hooks, that it lias ever been allowed io a party himself, to give evidence oí ihe loss oí his deed* This silence is a strong negative authority to the oo- trary. It e> - - proves that the mischief is uot so extensive, as to produce any general’ necessity for providing against it; and wrhout a general ->ecesr"‘fy, there can be no reason for making an exreptio i-to,the genera: ay. This is the general principle on widen every case of exception has proceeded.
With respect to the present case, there is not only no such general necessity existing, but, l believe, that if the privilege claimed for the defendant were allowed, it would become a most mischievous precedent. A bond, or mortgage, might have a receipt, or defeazance indorsed on it subsequent to the execution. If the owner could prove ihe loss of either himself, he might afterwards bring witnesses (who were ignorant of such receipt or defeazance,) to prove the original contents, and thus succeed in establishing an iniquitous demand. What a temptation to dishonest men. Ti-e act of ]S>()3, affords a further argument against the defendant. It shews very fully the construction of the legislature on this point, which, although not conclusive, yet ought to have great wiight. Tins act permits a parly to prove the loss of o grant by his own oath. This necessarily impjios, that before that. tune he was not competent (in the opinion of the legislature,j to do so. And it incompetent as a witness to prove the ioss of a grant, he must be also incompetent to prove the loss of a deed.
For those reasons, I think the district court was right, in refusing’ to permit the defendant to be sworn to prove the ios» of the mortgage in question in this case, and that the motion should he dis. charged.
Bruvaed, J.
delivered the opinion of himself and Wilds, J.
The question in this case to be decided, is, whether the defendant, in an action to try titles to land, shall be allowed to prove the' lessor destruction of a deed under which he claims the land, by his own oath, in order to be afterwards permitted to prove, by other evidence, the existence and contents of the same deed ? And we aro rif opinion, that he ought to be allowed to do so, from the necessit.y of the case, as it cannot be presumed in general, that any person- but himself is cognizant of the fact. It is indeed a Hindumfe’ofa) rule f evidence, that no man shall be permitted to give evi’. deneeiin his ,iwn cf- me ; but this, like all ether gen- ra! rule.-, must fee taken with home grains of allowance, and- subject to certain- *513 exceptions arising from necessity, in order to advance the general interests of society, and promote public justice. Thus, where from the nature of the subject, proof cannot otherwise be expected, a party shall be admitted as a witness, whose interest would be sufficient, under different circumstances, to exclude him 5 for the law ought not to be rendered ineffectual by impossibility of- proof, See 2 Esp. Dig. 711. Therefore before the express provision by statute, the party robbed might be a witness on the statute of Win. ton, to charge the Hundred. See 1 Lofft’s Gilb. 245. Bull. 289. So, where a son having a general authority to receive money for his father, received a sum and gave it to the defendant, the son was admitted as a witness for his lather, in trover, to recover the money, his testimony being corroborated by other circumstances. Bull. N. P. 289. See 1 Str. 647. So, for the convenience of trade,'a direct interest is no objection to the competence of a factor or broker. 2 H. Bl. Rep. 590. 3 Wils. 10. An insurance broker who pro.cures a policy of insurance, and subscribes it, may be a witness to prove it, if he is the only person who can prove the transaction. 3 D. & E. 27, Bem v. Buker. So, one underwriter may be exaffiined for another, wlio has subscribed the same policy. These cases are quoted, for the purpose of shewing that the general rules of evidence must often be relaxed from necessity, and to favor general justice; and that wherever the same, or equal reasons occur, they will produce exceptions to the rule.
Every day’s experience shew's that a party may testify to some introductory fact, or collateral circumstance, in the progress of hia own cause — either to postpone, or hasten on his cause ; or to obtain a commission for taking, the examination of his witnesses out of court.
The cases cited from Dallas’s and Haywood’s Reports, appear to me to have been decided on reasonable and safe grounds: and I can perceive no great danger likely to result from adopting similar rules of practice in oúr courts. In the case cited from 1 Hay w. 178, a party was allowed to prove by his own oath, the destruc, tion ot the patent, or original grant, under which he claimed the lands in dispute. But this was all he was allowed to prove, purely it would have been extremely hard, not to say unpSp^jhave refused such testimony, when in all probability that/ incapable of other proof. And what danger or mischiefi sibly arise from the admission of this evidence, when it coi fate no farther than to open a door for the introduction of dopy, which may bo considered of equal credit with tho <
*514 In the case of Dettaven v. Henderson, cited from 1 Dallas, 424, the plaintiff’s oath was admitted to prove what had become of an order given to him during the war, for the restoration of property taken by the defendant, on the ground, that it was the only satis. jaC|.ory evidence on a point of a peculiar nature. After proving that fact, another witness was examined as to the contents, and .of course, as to the existence of the order. This is a case exactly in. poiut to the present. I apprehend no danger from the establishment of such a- doctrine ; because unless the party can corroborate his own testimony by other impartial evidence, as to the existence and contents of the lost deed, his own testimony will not avail. Besides, his testimony must stand on its own credibility with the jury ; who, if they have any reason to doubt whether the deed is indeed lost or destroyed, and without any fraudulent design on the part of the party who ought to produce it, will be authorized to presume against the evidence of its existence and contents. The case of Douglass’ Lessee v. Sanderson, 2 Dallas, 116, seems to have carried the principle farther than the necessity of the case ; but perhaps not farther than sound policy and public- convenience •will warrant. The plaintiff in that case was allowed to testify to the death of a witness to a deed, under which he claimed. Now the danger to be apprehended from allowing this sort of evidence cannot be great, because the fact is capable of being disproved, and the party who would swear falsely on such an occasion, would not only subject himself to ¿be penalties of perjury, but would be deprived of all the advantages of his false swearing, so soon as the fact should be contradicted by impartial evidence. And further, it is but introductory, and the substantial merits of the case must after all be proved by sufficient legal evidence. From the report of this last case, it seems to have been admitted by éminent counsel at the Pennsylvania bar, and by the court, that a party is intitled, from the necessity of the case, to prove the loss or destruction of a writing, the contents of which lie offers to prove to the court. In England, the. shop-book of a tradesman, under the stat. 7 Ja. c. 12, is not evidence after a year ; nor is it there considered as evidence of itself within the year, without some circumstances to make it so. It is necessary to prove the original entries, by some disinterested witness. In this country, however, although the same statute is the law on the subject, the plaintiff is admitted himself to prove his own books of account, from the necessity of the case, as many of our shopkeepers do not keep clerks. Nay, it was decided after two arguments, and by a full bench, in the case of Fosters v. Sink *515 ler, Bay, 38, that (he plaintiff was not only competent to prove the entries made by himself, in the books of himsasf and his co'. partner, after the expiration of a year, but also to prove thé entries made by his partner, although that partner was then alive, and in a neighbouring State. In another case, Spence v. Sanders, Bay, 115, where a physician had left the State, and bad gone to Europe,’ and had made a deposition before his departure before one of the judges out of court, of the truth of the entries in his book of accounts ; upon the execution of a writ of enquiry on one of the accounts contained in the book, the deposition was admitted, under the special circumstances of the case, and a recovery' was thereon had. For all these reasons, we think there ought to be a new trial.
New trial refused, by a majority of the court.
The other point was given up by defendant’s counsel, viz. that after the return day of a ji. fa., no legal levy could be made.
Note. See 2 Dall. 116, &c Douglass’ Lessee v. Sanderson. The plaintiff Jjimself was admitted to prove the death of one of the subscribing witnesses to a deed, in order to let in proof of his handwriting, r.ee 1 Bl. Rep 532, where the plaintiff was himself examined, and Godb. 193, 326, Show, 363.